IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERELL HODGE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-2048-N-BK |
| | § | |
| ASHLEY GRAYSON, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* pending judicial screening. Doc. 8. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On September 13, 2024, Plaintiff Sherell Hodge filed a complaint sounding in tort against Ashley Grayson. Doc. 3 at 1. Hodge responded to the Magistrate Judge's Questionnaire (MJQ) and later filed an Amended Complaint, pleading diversity jurisdiction and naming as Defendants Grayson and, for the first time, Credit Pie LLC. Doc. 11; Doc. 13 at 1.

In the Amended Complaint, Hodge alleges that "Grayson, motivated by retaliation for Plaintiff's public criticism of [her] services, engaged in a scheme that endangered Plaintiff's life by hiring an individual to commit murder." Doc. 13 at 2. Hodge maintains that she discovered the alleged threat through an FBI investigation and that unidentified individuals later

"approached [her] residence, instilling fear and forcing Plaintiff to relocate for her safety." *Id.* Hodge pleads five "causes of actions"—intentional infliction of emotional distress, negligence infliction of emotional distress, invasion of privacy, loss of enjoyment of life, and conspiracy. Doc. 13 at 2-3. Plaintiff seeks $5,000,000 in actual and punitive damages. Doc. 13 at 3.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject-matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Hodge has not alleged facts that establish diversity jurisdiction.

"Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). A party asserting diversity jurisdiction must also "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Hodge fails to sufficiently plead facts alleging the citizenship of all parties. Her Amended Complaint provides addresses for herself and the two defendants. Doc. 13 at 1. Hodge also alleges that (1) she is a resident of Dallas, Texas, (2) Grayson "is believed to be a resident of North Carolina," and (3) Credit Pie is a limited liability company (LLC) with its principal place of business in Charlotte, North Carolina. Doc. 13 at 1.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous terms," however. *Parker v. Overman*, 59 U.S. 137, 141 (1855). Thus, merely alleging residence and a mailing address does not establish Hodge's and Grayson's citizenship for purposes of federal diversity jurisdiction. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) ("For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." (citation and quotation marks omitted)).

Further, the citizenship of an LLC is not determined by its principal place of business, but by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal District*,

82 F.4th 402, 408-09 (5th Cir. 2023) ("When LLCs are involved, the party invoking jurisdiction must 'specifically allege the citizenship of every member of every LLC . . . involved in [the] litigation.'" (citation omitted) (emphasis added)).  But Hodge neither identifies the members of Credit Pie nor alleges facts that would establish their citizenship.  Without sufficient facts alleging the citizenship of all parties, the Court cannot exercise diversity jurisdiction.

Additionally, Hodge's Amended Complaint arbitrarily alleges an excessive amount in damages, to meet the $75,000 jurisdictional amount in controversy.  Doing so is prohibited and goes against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court.  *See Thomson v. Gaskill*, 315 U.S. 442, 447 (1942); *see also Harris v. Illinois Cent. R. Co.,* 220 F.2d 734, 736 (5th Cir. 1955) (finding the amount of damages for federal jurisdictional purposes must be estimated in good faith).

As mentioned above, Hodge's Amended Complaint seeks $5,000,000 in actual and punitive damages.  Doc. 13 at 3.  When prompted to explain her initial request for "monetary compensation in the amount of $5,000,000," Hodge responded that "[t]his amount is based on a careful consideration of the gravity of the situation and the established legal principles in similar cases."  Doc. 11 at 3 (MJQ response).  Hodge expounded:

> Compensatory Damages for Emotional Distress and Psychological Harm : The credible threat on my life, the harassment, and the subsequent events have inflicted profound and lasting emotional distress and psychological harm. These experiences have led to severe anxiety, depression, and permanent emotional scars. The request for $5,000,000 in damages is intended to provide just compensation for the extensive emotional suffering I have endured.
>
> Economic Losses: The threat to my life and the resulting safety precautions have imposed significant economic burdens. I have incurred substantial expenses related to heightened security measures and lost income due to my reduced ability to work effectively.
>
> Deterrence and Equity: It is crucial to consider the need for deterrence in cases involving threats to personal safety and the exercise of one's right to free

speech. While I have grappled with the severe consequences of speaking out, the defendant has enjoyed a carefree life, residing in a valuable property and traveling freely. To address this disparity and deter future misconduct, a substantial damages award is warranted.

Doc. 11 at 3.

In the Amended Complaint, Hodge seeks both "actual damages and punitive sufficient to punish the Defendants for their conduct and to deter similar conduct in the future; in an amount to be determined at trial, but no less than $5,000,000." Doc. 13 at 3. Her allegations, however, do not support that extraordinary request and, thus, her damage claim lacks a good faith basis. *Gaskill*, 315 U.S. at 447 ("[T]he value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." (citations omitted)).

In addition, because the complaint does not present a sufficient basis for diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, *pro se* plaintiffs should be granted leave to amend their complaint before dismissal, but leave is not required when they have already pled their "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Hodge's Amended Complaint demonstrate a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. Thus, granting leave to amend would be futile and cause needless delay. Nevertheless, the 14-day statutory objection period will permit Hodge to proffer facts, if any, that can cure the jurisdictional deficiencies noted above.

## IV. CONCLUSION

For all these reasons, Hodge's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on April 23, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).